IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00161-MR

| CARL DEION JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| MATTHEW LETT, et al., | ) | **ORDER** |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. Also pending is a Letter in which the Plaintiff requests the appointment of counsel. [Doc. 3]. The Plaintiff is proceeding in forma pauperis. [Doc. 10].

**I.  BACKGROUND**

The pro se Plaintiff, who is presently incarcerated at the Wayne County Detention Center, filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. He names as Defendants: Matthew Lett, a correctional officer; FNU Benjamin, a disciplinary hearing officer (DHO), and Todd Ishee, the North Carolina Department of Public Safety's director of adult corrections. He describes his claims as violations of the "14th, 8th and 5th Amendments of

the United States Constitution [and] false imprisonment." [Doc. 1 at 4]. For injury, he claims that he was deprived of property; was falsely imprisoned; lost gain time; was housed in "regular intensive control;" and suffered depression, anxiety, and emotional anguish. [Id. at 9-11]. He seeks compensatory and punitive damages. [Id. at 11-12].

## II.     STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, the body of the Complaint contains allegations against an individual who is not named as a defendant in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff claims that Defendant Lett wrote him up for a false disciplinary infraction; that he was not allowed to see a video that would have demonstrated his innocence of the infraction; that Defendant Benjamin was not impartial and erroneously found him guilty on insufficient evidence; that Defendant Ishee erroneously upheld the disciplinary conviction; and that he lost good/gain time and received other sanctions including "false imprisonment." [Doc. 1 at 7-10].

These claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted; emphasis added). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on his claims challenging the disciplinary charge and proceedings, such would necessarily imply the invalidity of the disciplinary conviction. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that the disciplinary conviction has been reversed or otherwise invalidated. Therefore, these claims appear to be barred by Heck, and they are dismissed.

The Plaintiff further claims that Defendant Lett lost some of Plaintiff's personal property during a unit transfer. [Doc. 1 at 5-9]. The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived

5

of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); see Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975) (under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner). The Parratt-Hudson doctrine does not apply, however, to deprivations that are a "result of some established state procedure." Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982). The Plaintiff appears to claim that his property loss was due to Defendant Lett's random

6

or unauthorized actions. The Plaintiff has an adequate post-deprivation remedy for this incident and, accordingly, this claim is dismissed pursuant to the Parratt-Hudson doctrine.

The Plaintiff claims that he was housed in "regular intensive control" following his disciplinary convictions, which constitutes cruel and unusual punishment and violates equal protection because he is a Mental Health Level 3 inmate. [Doc. 1 at 11]. He fails to attribute these claims to any Defendant and, therefore, they are too vague and conclusory to proceed.[1] See generally Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted) (to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation); Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff's cruel and unusual punishment and equal protection claims are, therefore, dismissed.

---

[1] This claim also cannot proceed to the extent that it may refer to individuals who are not named as defendants as discussed *supra.*

7

To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, any such claims are dismissed without prejudice.

In his Letter, which is liberally construed as a Motion to Appoint Counsel,[2] the Plaintiff argues that the County Jail where he presently resides does not provide enough paper or carbon paper; that he only has law books; that he has only one of his grievance responses; and that he is unable to litigate the action himself. [Doc. 3]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and this Motion is denied.

---

[2] The Plaintiff was informed in the Order of Instructions that only motions will be ruled on by the Court. [Doc. 3]. In future, improper filings will be disregarded and may be stricken.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review, and it is dismissed without prejudice. His Letter is construed as a Motion to Appoint Counsel and it is denied.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice for failure to prosecute.

3. The Plaintiff's Letter [Doc. 3] is construed as a Motion to Appoint Counsel and is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 20, 2023

Martin Reidinger
Chief United States District Judge