```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00161-MR
```

| | |  |
|---|---|---|
| **CARL DEION JOHNSON,** | ) | |
| | ) | |
|          **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **MATTHEW LETT, et al.,** | ) | **ORDER** |
| | ) | |
|          **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte*.

The pro se incarcerated Plaintiff filed this action pursuant to the 42 U.S.C. § 1983. [Doc. 1]. On January 23, 2023, the Court dismissed the Complaint on initial review and granted the Plaintiff 30 days to file a superseding Amended Complaint. [Doc. 11]. The Plaintiff was cautioned that, "[s]hould Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice." [Id. at 9].

The Plaintiff has failed to file an Amended Complaint, and the time to do so has expired. The Plaintiff appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 10, 2023

Martin Reidinger
Chief United States District Judge